IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATRINA RENEE SURRATT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:20CV566<br>1:16CR13-2 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 76) to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Petitioner pled guilty to two counts of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) (the Hobbs Act) and 2 and one count of carrying and using, by brandishing, a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. She received concurrent sentences of 54 months of imprisonment for the robberies themselves and a consecutive sentence of 84 months for brandishing the firearm.

Petitioner's current Motion lists two claims for relief, both of which assert that Petitioner's conviction under § 924(c)(1)(A)(ii) is invalid because the United States Supreme Court "re-classified" her Hobbs Act robberies so that they are no longer crimes of violence that qualify as valid predicates for her brandishing conviction. She claims that she is, therefore, innocent of that conviction.

Petitioner's Motion is now before the Court for an initial review.  Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

For the reasons discussed below, it plainly appears from the face of the Motion that Petitioner is not entitled to relief and his Motion should be summarily dismissed.

Petitioner's only claim for relief relies on the proposition that Hobbs Act robbery under § 1951(a) is no longer a crime of violence for purposes of § 924(c).  This was arguably an open question of law following the case of United States v. Davis, ___ U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019), in which the United States Supreme Court held unconstitutional the residual clause of 18 U.S.C. § 924(c)(3)(B), defining "crime of violence" for purposes of that statute, and United States v. Simms, 914 F.3d 229, 233 (4th Cir.), cert. denied, ___ U.S. ___, 140 S. Ct. 304 (2019), in which the United States Court of Appeals for the Fourth Circuit held that conspiracy to commit Hobbs Act robbery did not satisfy the force clause of that statute and, therefore, was not a "crime of violence."  However, the Fourth Circuit later determined that Hobbs Act robbery, as opposed to conspiracy to commit such a robbery, remains a crime of violence under § 924(c).  United States v. Mathis, 932 F.3d 242, 266 (4th Cir.), cert. denied, ___ U.S. ___, 140 S. Ct. 639, 640 (2019).  Petitioner was convicted of an actual Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery.  Therefore, her claims fail under Mathis and should be dismissed.

In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond.  The Clerk will notify Petitioner of this

2

Recommendation, her right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 76) to vacate, set aside or correct sentence be dismissed, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 24th day of June, 2020.

_____
Joe L. Webster
United States Magistrate Judge